UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and its Trustees: ANTHONY M. PERRONE, KEVIN E. WILLIAMSON, KENNETH R. BOYD, CARL IVKA, ROBERT A. BLAIR, TIMOTHY MELIA, WILLIAM M. VAUGHN, III, JOHN A. WAGNER, WALTER B. BLAKE, RICHARD D. COX, M. SCOTT HENDERSON, and JASON PARADIS,<br><br>18861 90th Avenue, Suite A<br>Mokena, IL 60448<br><br>     Plaintiffs,<br> v.<br><br>TREASURE ISLAND FOODS, INC.<br>3460 North Broadway Avenue<br>Chicago, IL 60657<br><br>Serve: James F. Pappas<br>    17 W 729 A Roosevelt Road<br>    Oakbrook Terrace, IL 60181<br><br>     Defendant. | Case No.: 18-cv-05026 |

## COMPLAINT

Plaintiffs, United Food and Commercial Workers International Union-Industry Pension Fund (the "Fund") and its Trustees, by counsel, hereby complain of Defendant Treasure Island Foods, Inc. ("Treasure Island") as follows:

### Introduction

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq. (1982), and the Labor Management

Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. Plaintiffs seek a judgment against Defendant Treasure Island for delinquent contributions, interest, liquidated damages, and attorneys' fees and costs incurred by the Plaintiffs in collecting these amounts related to Defendant's failure to pay contributions required by a participation agreement with the Fund and collective bargaining agreements, as well as Defendant's failure to timely submit remittance reports demonstrating those individuals who have worked hours in covered employment to accrue benefits.

### Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in this District.

### Parties

4. The Fund is a joint labor-management pension fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a multiemployer employee benefit plan within the meaning of Sections 3(3), 3(37), and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37), and 1301(a)(3).

5. Plaintiffs Anthony M. Perrone, Kevin Williamson, Kenneth R. Boyd, Robert Blair, Timothy Melia, Carl Ivka, John A. Wagner, Walter B. Blake, William M. Vaughn, III, Richard D. Cox, Scott M. Henderson, and Jason Paradis are Trustees of the Fund and "fiduciaries" with respect to the Fund as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are members of the Fund's Board of Trustees, which is the "plan sponsor"

within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is administered in Mokena, Illinois.

6. Defendant Treasure Island is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12). Upon information and belief, Treasure Island is a corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

## Governing Documents

7. At all times relevant to this action, Treasure Island employed employees represented for the purposes of collective bargaining by the United Food and Commercial Workers Local Union No. 1546 ("Local 1546"), a labor organization representing employees in an industry affecting interstate commerce.

8. At all times relevant to this action, Treasure Island and Local 1546 were parties to and bound by CBAs obligating Treasure Island to make monthly contributions to the Fund.

9. Under the CBAs, Treasure Island agreed to be bound by the Agreement and Declaration of Trust ("Trust Agreement") governing the Fund, and any rules and policies adopted by the Trustees thereunder. The Trust Agreement required Treasure Island to submit monthly pension contributions to the Fund.

10. Treasure Island also was a party to an Employer Participation Agreement with the Fund ("Participation Agreement") at all times relevant to this action. The terms of the Participation Agreement obligated Treasure Island to be bound by the terms and provisions of the Trust Agreement, including all amendments thereto.

11. The Trust Agreement bound Treasure Island to the Fund's Delinquency Collection Procedure adopted by the Trustees ("Delinquency Policy"). The Delinquency Policy

requires Treasure Island to submit pension contributions to the Fund, establishes the Fund's interest rate on delinquent contributions, provides for the Fund to charge interest on late-paid contributions, and calls for the Fund to collect attorneys' fees, costs, and liquidated damages related to collecting a delinquency. According to the Delinquency Policy, contributions are due and payable to the Fund by the 20th day of the month following the month in which the work was performed for which contributions are owed.

### COUNT ONE: DELINQUENT CONTRIBUTIONS AND FAILURE TO SUBMIT REMITTANCE REPORTS

12. Plaintiffs incorporate the foregoing Paragraphs as if stated herein.

13. The CBAs obligate Treasure Island to pay monthly pension contributions to the Fund.

14. The CBAs also obligate Treasure Island to submit monthly remittance reports to the Fund listing those individuals who have worked hours in covered employment for whom contributions are being made.

15. Without the remittance reports, the Fund is unable to confirm the accuracy of the monthly pension contributions made.

16. Treasure Island has failed to pay a total of $4,280.38 in estimated contributions owed to the Fund for the month of April 2018.

17. Treasure Island has also failed to submit its monthly remittance reports for the month of April 2018. As a result of Treasure Island's failure to submit remittance reports on a timely basis, the Fund is unable to accurately track credited service for employees working in covered employment at Treasure Island and provide accurate benefit accruals to those employees.

18. Treasure Island has paid its monthly pension contributions late to the Fund on a regular basis over the past year. By habitually making its contributions late, Treasure Island has violated the Fund's policies concerning the timely payment of employer contributions.

19. By failing to timely pay the required contributions, Treasure Island has violated Section 515 of ERISA, 29 U.S.C. § 1145, Section 302 of the LMRA, 29 U.S.C. § 186 and the Trust Agreement.

20. By failing to timely submit its monthly remittance reports, Treasure Island has violated the Fund's policies concerning the timely payment of employer contributions.

21. The Fund has applied past overages paid by Treasure Island in the amount of $294.85 to the delinquent contributions thereby decreasing the delinquent contributions owed to $3,985.53.

22. Treasure Island has also accrued late fees on its May 2018 contributions in the amount of $5.45.

23. Accordingly, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the LMRA, and the Trust Agreement, Treasure Island is liable to the Fund for $3,985.53 in estimated delinquent contributions for the month of April 2018 and any contributions that become delinquent or are discovered while this action is pending, interest in the minimum approximate amount of $57.00 on the unpaid contributions accrued as of July 31, 2018, plus additional interest accruing at the Fund's interest rate of 2% above the prime rate while this action is pending, liquidated damages in an amount that is equal to the greater of the interest on the delinquent contributions or 20 percent of the amount of delinquent contributions, and reasonable attorneys' fees and costs incurred by the Plaintiffs in pursuing the delinquent amounts.

**Prayer for Relief**

**WHEREFORE**, Plaintiffs request the following relief:

A.      Enter judgment against Defendant and in favor of Plaintiffs, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the following amounts:

(1) $3,985.53 in estimated delinquent contributions;

(2) Interest on the delinquent contributions at the Fund's interest rate of 2% above the prime rate accruing from the date the contributions became due and owing until the date paid, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(3) An amount equal to the greater of the interest on the delinquent contributions or 20 percent of the delinquent contributions, in an amount of at least $797.11, as required by 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(4) Additional contributions that may become delinquent during the pendency of this action or which become ascertainable based on the Fund's review of Treasure Island's employment records;

(5) Attorneys' fees and other costs incurred by the Fund in the collection of delinquent contributions, including the attorneys' fees and costs in this action, as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2);

(6) Require Defendant to submit remittance reports for the month of April 2018;

(7) Require Defendant to pay contributions in a manner consistent with the Fund's Trust Agreement and policies on an ongoing basis.

B.      Retain jurisdiction of this case pending compliance with its Orders; and

C. Grant such other and further relief as the Court may deem just.

Dated: July 23, 2018

Respectfully submitted,

/s/ *Jeffrey S. Endick, with consent*
Jeffrey S. Endick, Esq. (Bar No. 4133661)
Kristina F. Salamoun, Esq. (Bar No. 89157)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, D.C. 20036
(202) 797-9700
(202) 234-8231 (facsimile)

/s/ *David Huffman-Gottschling*
David Huffman-Gottschling, Esq. (Bar No. 06269976)
Sherrie E. Voyles, Esq. (Bar No. 06242386)
JACOBS, BURNS, ORLOVE & HERNANDEZ
150 North Michigan Avenue, Suite 1000
Chicago, IL 60601
(312) 327-3443

*Counsel for Plaintiffs*

A copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

20645582v1